| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____ Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **AB Technologies LLC** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | None |
| 4. | **Debtor's address** | **Principal place of business**<br><br>**5885 Hollis Street**<br>**Suite 100**<br>**Emeryville, CA 94608**<br>Number, Street, City, State & ZIP Code<br><br>**Alameda**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | www.amyris.com |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

| Debtor | AB Technologies LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__3254__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. Check **all** that apply:

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

| Debtor | AB Technologies LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **See Rider 1 attached hereto** | Relationship | **Affiliate** |
| District | **Delaware** | When | Case number, if known |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes. Insurance agency
          Contact name
          Phone

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors** (on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
■ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets** (on a consolidated basis)

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
■ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Official Form 201     **Voluntary Petition for Non-Individuals Filing for Bankruptcy**     page 3

Debtor  **AB Technologies LLC**
       Name

Case number (*if known*)

**16. Estimated liabilities**

(on a consolidated basis)

- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☒ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | AB Technologies LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **August 9, 2023**
MM / DD / YYYY

**X /s/ Han Kieftenbeld**          **Han Kieftenbeld**
Signature of authorized representative of debtor          Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

**X /s/ James E. O'Neill**          Date **August 9, 2023**
Signature of attorney for debtor          MM / DD / YYYY

**James E. O'Neill**
Printed name

**Pachulski Stang Ziehl & Jones LLP**
Firm name

**919 North Market Street**
**17th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-652-4100**     Email address  **joneill@pszjlaw.com**

**4042 DE**
Bar number and State

# WRITTEN CONSENT OF
# MEMBER
# OF
# AB TECHNOLOGIES LLC
### (a Delaware Limited Liability Company)

August 8, 2023

The undersigned, being the sole member of AB Technologies LLC, a Delaware limited liability company, does hereby consent to the adoption of the following resolutions:

**WHEREAS**, the sole member (the "**Member**") of AB Technologies LLC, a Delaware limited liability company (the "**Company**"), acting pursuant to the laws of the State of Delaware, has considered the financial and operational aspects of the Company's business;

**WHEREAS**, the Member has reviewed the historical performance of the Company, the market for the Company's products, and the current and long-term liabilities of the Company;

**WHEREAS**, the Member has, over the last several months, reviewed the materials presented to it by the management of and the advisors to the Company regarding the possible need to undertake a financial and operational restructuring of the Company; and

**WHEREAS**, the Member has analyzed each of the financial and strategic alternatives available to it, including those available on a consensual basis with the principal stakeholders of the Company, and the impact of the foregoing on the Company's business and its stakeholders.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, employees, stockholders and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware;

**RESOLVED**, that the officers of the Company (each, an "**Authorized Officer**") be, and each of them hereby is, authorized on behalf of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that any such Authorized Officer deems necessary, desirable and proper in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case and to enable the Company to conduct its operations consistent with its ordinary course of business to the extent permitted under the Bankruptcy Code;

**RESOLVED**, that the Manager hereby appoints Mr. Philip J. Gund, Senior Managing Director at Ankura Consulting Group, LLC, to serve as Chief Restructuring Officer ("**CRO**") of the Company effective as of the commencement of the Company's chapter 11 case, and Mr. Gund shall be an Authorized Officer (as defined above), to serve in such office at the pleasure of the Manager until his resignation or removal, with such duties as the Manager shall prescribe;

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the law firm of Pachulski Stang Ziehl & Jones LLP ("**PSZ&J**") as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J;

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Pricewaterhouse Coopers LLP ("**PWC**") as the Company's financial advisor, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of PWC;

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Intrepid Investment Bankers LLC ("**Intrepid**") as the Company's investment banker, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Intrepid;

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Fenwick & West, LLP ("**Fenwick**") as the Company's corporate counsel, effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Fenwick;

**RESOLVED**, that the Authorized Officers, on behalf of the Company, are authorized, empowered and directed to retain the services of Stretto, Inc. ("**Stretto**") as the Company's claims, noticing, solicitation agent and administrative advisor,

effective as of the date the petition is filed, and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the bankruptcy, and to cause to be filed an appropriate application for authority to retain the services of Stretto;

**RESOLVED**, that the Authorized Officers of the Company be, and hereby are, authorized and directed to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed appropriate applications with the bankruptcy court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper;

**RESOLVED**, that the Authorized Officers of the Company be, and each of them hereby is, authorized and empowered to obtain post-petition financing and obtain permission to use existing cash collateral according to terms which may be negotiated by the management of the Company; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Authorized Officers of the Company are hereby authorized and directed to execute appropriate loan agreements, cash collateral agreements and related ancillary documents;

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed on behalf of the Companies to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful chapter 11 case, including, but not limited to the development, filing and prosecution to confirmation of a chapter 11 plan and related disclosure statement; and

**RESOLVED**, that any and all actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

*[Signature page follows]*

DocuSign Envelope ID: 80860785-7CD9-4C7F-96EB-8C955D0D3BB6

**IN WITNESS WHEREOF,** the undersigned has executed this Written Consent as of the date set forth above.

**Sole Member:**

**AMYRIS, INC., a Delaware corporation**

By: _/s/ Han Kieftenbeld_
Name: Han Kieftenbeld
Title: Interim CEO and Chief Financial Officer

[*SIGNATURE PAGE TO CONSENT OF AB TECHNOLOGIES, LLC*]

# Rider 1 to Voluntary Petition

On the date hereof, each of the affiliated entities listed below, including the Debtor in this Chapter 11 Case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

1. Amyris, Inc.

2. AB Technologies LLC

3. Amyris Clean Beauty, Inc.

4. Amyris Fuels, LLC

5. Amyris-Olika, LLC

6. Aprinnova, LLC

7. Onda Beauty Inc.

8. Upland 1 LLC

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **AB Technologies LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration   **Corporate Ownership Statement, List of Equity Security Holders and Creditor Matrix Certification**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **August  9, 2023**      X **/s/ Han Kieftenbeld**
                                          Signature of individual signing on behalf of debtor

                                          **Han Kieftenbeld**
                                          Printed name

                                          **Chief Financial Officer**
                                          Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name  AB Technologies LLC

United States Bankruptcy Court for the District of Delaware
                                                                    (State)
Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis) 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | U.S. Bank N.A.<br>800 Nicollet Mall<br>Minneapolis, MN 55402 | Bradley Scarbrough<br>Email: bradley.scarbrough@usbank.com | 1.50% Notes due 2026 | | | | $690,000,000.00 |
| 2. | Cosan US LLC<br>920 Wayland Cir<br>Bensalem, PA 19020 | Lineu Moran<br>Tel. 215.245.2042<br>Email: Lineu.Moran@moovelub.com | Settlement Agreement | | | | $10,800,000.00 |
| 3. | DB Ventures Limited<br>33 Great Portland Street<br>London, W1W 8QG | AR Dept.<br>Tel. 203.146.8877<br>Email: accounts@davidbeckham.com | Trade Payable | Contingent, Unliquidated, Disputed | | | $7,200,000.00 |
| 4. | EPIC W12 LLC<br>5th Floor 15 Watts Street<br>New York, NY 10013 | Tel. 212.257.0147 | Lease Rejection | Contingent | | | $4,968,584.84 |
| 5. | PMG Worldwide, LLC<br>2845 W. 7th St<br>Fort Worth, TX 76107 | Accounting<br>Tel. 817.420.9970<br>Email: accounting@pmg.com | Trade Payable | | | | $3,985,884.96 |
| 6. | Nikko Chemicals Co Ltd<br>Nihonbashi-Bakurocho 1-4-8<br>Chuo-ku, 13 1030002 | Itakhiro; Katohito<br>Tel. 81.3.3661.1677<br>Email: itakhiro@nikkolgroup.com;<br>katohito@nikkolgroup.com; | Profit Distribution | | | | $3,900,000.00 |
| 7. | Sartorius Corporation<br>24918 Network Place<br>Chicago, IL 60673-1249 | Support<br>Tel. 631.254.4249<br>Email: support@sartorius.stedim.com | Trade Payable | | | | $3,818,648.98 |
| 8. | Hearst Magazine Media<br>300 West 57th Street<br>28th Floor<br>New York, NY 10019 | AR Dept.<br>Tel. 212.649.3431<br>Email: ARDeptHSC@hearst.com | Trade Payable | | | | $3,311,007.74 |

| Debtor | AB Technologies LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9. Cosmetix West<br>2305 Utah Avenue<br>El Segundo, CA 90245 | C. Mirkovich<br>Tel. 310.726.3080<br>Email: cmirkovich@cosmetixwest.com | Trade Payable | | | | $2,909,564.18 |
| 10. Wiley Companies<br>PO Box 933322<br>Cleveland, OH 44193 | Joshua Wiley<br>Tel. 740.622.0755<br>Email: joshuawiley@organictech.com | Trade Payable | | | | $2,864,878.96 |
| 11. Park Wynwood LLC<br>855 Front Street<br>San Francisco, CA 94111 | Glenn; Jesse; Richard<br>Tel. 415.310.9059<br>Email:<br>glenn@brickandtimbercollective.com;<br>jesse@brickandtimbercollective.com;<br>richard.appelbaum@kyl.com | Lease Rejection | Contingent | | | $2,743,339.28 |
| 12. Allog Transportes Internacionais<br>Av. Joao Scaparo Neto,<br>84, Bloco C,<br>Campinas, SP 13080-655 | Tel. 55.47.32411756 | Trade Payable | | | | $2,215,494.17 |
| 13. Nest-Filler USA<br>2334 E Valencia Drive<br>Fullerton, CA 92831 | Accounting<br>Tel. 714.522.7707<br>Email: accounting@nfbeautygroup.com | Trade Payable | | | | $1,958,858.73 |
| 14. Global4PL Supply Chain Services<br>1525 McCarthy Blvd.<br>Suite 1008<br>Milpitas, CA 95035 | Sergio Retamal<br>Tel. 866.475.1120<br>Email: sergio.retamal@global.4pl.com | Trade Payable | | | | $1,757,970.86 |
| 15. ADL Biopharma<br>Km. 1,100 - Edificio Gamma<br>Alcobendas (Madrid), 28108 | Tel. 34.987.895p.800 | Trade Payable | | | | $1,586,149.14 |
| 16. Evonik Corporation<br>P.O. Box 730363<br>Dallas, TX 75373 | Paul Romesburg<br>Tel. 707.230.1751<br>Email: paul.romesburg@evonik.com | Trade Payable | | | | $1,529,627.20 |
| 17. Microsoft Corporation<br>6100 Neil Road<br>Bldg A<br>Reno, NV 89511 | V. Ertr<br>Email: v.ertr@microsoft.com | Trade Payable | | | | $1,517,283.28 |
| 18. Palm Beach Holdings 3940, LLC<br>801 Brickwell Ave<br>Suite 900<br>Miami, FL 33131-2979 | Jose Perez<br>Email: Jose.Perez@colliers.com | Lease Rejection | Contingent | | | $1,365,708.66 |
| 19. Todd Shemarya Artists, Inc.<br>2550 outpost drive<br>Los Angeles, CA 90068 | Josh<br>Tel. 323.655.3757<br>Email: josh@shemarya.com | Trade Payable | | | | $1,325,669.00 |
| 20. Allure Labs, Inc.<br>30901 Wiegman Rd<br>Hayward, CA 94544 | Sunita<br>Tel. 510.489.8896<br>Email: sunita@allurelabs.com | Trade Payable | Disputed | | | $1,291,810.87 |

| Debtor | AB Technologies LLC | Case number (if known) |
|---|---|---|
| | Name | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21. Rakuten Marketing<br>Suite 300<br>6985 S Union Park Center<br>Midvale, UT 84047 | President; General Counsel<br>Tel. 646.864.4718<br>Email: president@mail.rakuten.com;<br>generalcounsel@rakuten.com | Trade Payable | | | | $1,288,733.56 |
| 22. Northwest Cosmetic Labs<br>2105 Boge Ave.<br>Idaho Falls, ID 83401 | AR Dept.<br>Tel. 208.522.6723<br>Email: ar@elevationlabs.com | Trade Payable | | | | $1,288,014.58 |
| 23. Shearman & Sterling LLP<br>589 Lexington Ave<br>New York, NY 10022 | A. Loeffler<br>Email: ALoeffler@Shearman.com> | Professional Services | | | | $1,263,611.94 |
| 24. Outfront Media<br>2640 NW 17th Ln<br>Pompano Beach, FL 33064 | Sandra Vicente<br>Tel. 407.274.8381<br>Email: sandra.vicente@outfront.com | Trade Payable | | | | $1,240,508.00 |
| 25. ES East, LLC<br>1120 Nye Street, Suite 400<br>San Rafael, CA 94901 | K. Sawyer; C. Kargl; M. Buttrum<br>Email:<br>KSawyer@warehamdevelopment.com;<br>CKargl@warehamdevelopment.com;<br>MButtrum@warehamdevelopment.com. | Trade Payable | | | | $1,145,204.03 |
| 26. Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | M. Celio; C. Block<br>Tel. 213.229.7120<br>Email: MCelio@gibsondunn.com;<br>CBlock@gibsondunn.com | Professional Services | | | | $1,141,689.08 |
| 27. Workday, Inc.<br>6110 Stoneridge Mall Road<br>Pleasanton, CA 94588 | Legal Dept.<br>Tel. 765.509.4592<br>Email: legal@workday.com | Trade Payable | | | | $1,089,362.50 |
| 28. Hollis R & D Associates<br>1120 Nye St<br>Suite 400<br>San Rafael, CA 94901 | K. Sawyer; C. Kargl; M. Buttrum<br>Tel. 415.457.4964<br>Email:<br>KSawyer@warehamdevelopment.com;<br>CKargl@warehamdevelopment.com;<br>MButtrum@warehamdevelopment.com | Lease Rejection | Contingent | | | $1,079,806.07 |
| 29. DSM USA<br>5750 Martin Luther King Jr Hwy<br>Greenville, NC 27834 | Tel. 252.707.5326<br>Email: dnp.sfsc@dsm.com | Trade Payable | | | | $1,052,904.34 |
| 30. Nippon Surfactant Industries Co., Ltd (Nissa)<br>Nihonbashi-Bakurocho 1-4-8<br>Chuo-ku<br>Tokyo, 1030002 JAPAN | Itakhiro; Katohito<br>Tel. 81.3.3662.0378<br>Email: itakhiro@nikkolgroup.com;<br>katohito@nikkolgroup.com | Profit Distribution | | | | $1,000,000.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AB TECHNOLOGIES LLC,<br><br>      Debtor. | Chapter 11<br><br>Case No. 23-_____ (___) |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

   Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐ None [*check if applicable*]

  Name:   Amyris, Inc.
  Address:  5885 Hollis Street, Suite 100
         Emeryville, CA 94608

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

AB TECHNOLOGIES LLC,

Debtor.

Chapter 11

Case No. 23-_____ (___)

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Amyris, Inc. | 5885 Hollis Street Suite 100 Emeryville, CA 94607 | 100% Ownership |

DOCS_DE:244025.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re:

AB TECHNOLOGIES LLC,

                    Debtor.

Chapter 11

Case No. 23-_____ (___)

## CERTIFICATION OF CREDITOR MATRIX

Pursuant to Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the above captioned debtor and its affiliated debtors in possession (collectively, the "Debtors")[1] hereby certify that the *Creditor Matrix* submitted herewith contains the names and addresses of the Debtors' creditors. To the best of the Debtors' knowledge, the *Creditor Matrix* is complete, correct, and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records as of the petition date. However, no comprehensive legal and/or factual investigations with regard to possible defenses to any claims set forth in the *Creditor Matrix* have been completed. Therefore, the listing does not, and should not, be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.stretto.com/Amyris. The location of Debtor Amyris Inc.'s principal place of business and the Debtors' service address in these Chapter 11 Cases is 5885 Hollis Street, Suite 100, Emeryville, CA 94608.