# EXHIBIT A

**(Proposed Order)**

4914-1655-3990.1 03703.00005

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AB TECHNOLOGIES LLC<br><br>Reorganized Debtor. | Chapter 11<br><br>Case No. 23-11132 (TMH)<br><br>**Re Docket No. 1740 [Case No. 23-11131]** |

**ORDER SUSTAINING REORGANIZED DEBTORS' EIGHTH
OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS
(NO LIABILITY, LATE FILED AND RECLASSIFY)**

Upon consideration of the *Reorganized Debtors' Eighth Omnibus Objection (Substantive) to Certain Claims (No Liability, Late Filed and Reclassify)* [Case No. 23-11131, Docket No. 1740] (the "Objection")[1] filed by the above-captioned reorganized debtors (the "Reorganized Debtors") for entry of an order (this "Order") pursuant to pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, (a) disallowing or, in the alternative, reclassifying as general unsecured claims (subject to further objection) those Employee Claims set forth on Schedule 1 here; (b) reclassifying, in part, the Employee Claim set forth on Schedule 2 hereto, subject to further objection; and (c) disallowing and expunging the Schedule 3 Claims set forth on Schedule 3 hereto, all as more fully set forth in the Objection; and the Court having reviewed the Fleming Declaration in support of the Objection; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may

---

[1] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Objection.

4862-5321-3656.4 03703.004

enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

    **IT IS HEREBY ORDERED THAT:**

1.    The Objection is SUSTAINED as set forth herein.

2.    Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3.    Each Employee Claim identified on **Schedule 1** attached hereto is hereby disallowed and expunged.

4.    The Employee Claim identified on **Schedule 2** attached hereto is hereby reclassified as (a) an administrative claim of $8,960.00 plus (b) a general unsecured claim, subject to further objection, of $140,969.65.

5.    Each Schedule 3 Claim identified on **Schedule 3** attached hereto is hereby disallowed and expunged.

6.    The Reorganized Debtor is authorized to update the claims register to reflect the relief granted in this Order.

7.    Each of the Claims and the objections by the Reorganized Debtors to such Claims, as addressed in the Objection and set forth on **Schedule 1**, **Schedule 2**, and **Schedule 3** attached to this Order, constitutes a separate contested matter as contemplated by Bankruptcy

Rule 9014.  This Order shall be deemed a separate Order with respect to each of the Claims. Any stay of this Order shall apply only to the contested matter that involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

8. The Reorganized Debtor and Stretto are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1

**Schedule 1 - No Liability Claims**

| No. | Claimant | Claim Number | Claim Amount | | Asserted Debtor | Date Filed | Basis for Objection |
|---|---|---|---|---|---|---|---|
| | *(U) - Unsecured, (P) - Priority, (S) - Secured, (A) - Administrative, (T) - Total* | | | | | | |
| 3 | **Blair, Sarah** | 411 | | (U) | Amyris, Inc. | 11/1/2023 | Expunge as no liability and no supporting documentation |
| | Address Redacted | | $ 10,000.00 | (P) | | | |
| | | | | (S) | | | |
| | | | | (A) | | | |
| | | | $ 10,000.00 | (T) | | | |
| 4 | **Grande, Jose Valdes** | 715 | $ 33,225.00 | (U) | Amyris, Inc. | 11/15/2023 | Expunge as no liability |
| | Address Redacted | | $ 15,150.00 | (P) | | | |
| | | | | (S) | | | |
| | | | | (A) | | | |
| | | | $ 48,375.00 | (T) | | | |
| 11 | **Stanton, Taylor** | 308 | $ 28,709.00 | (U) | Amyris Clean Beauty, Inc. | 10/18/2023 | Expunge as no supporting documentation |
| | Address Redacted | | | (P) | | | |
| | | | | (S) | | | |
| | | | | (A) | | | |
| | | | $ 28,709.00 | (T) | | | |

## Schedule 2

**Schedule 2 - Reclassified Employee Claims**

*(U) - Unsecured, (P) - Priority, (S) - Secured, (A) - Administrative, (T) - Total*

| No. | Claimant | Claim Number | Claim Amount | | Asserted Debtor | Modification Classification | | Basis for Objection |
|---|---|---|---|---|---|---|---|---|
| 1 | **Kelsey, Nicole Linda** | 292 | $ 140,969.65 | (U) | Amyris, Inc. | $140,969.65 | (U) | Claimant not entitled to priority claim as amounts were earned outside of 180-day period specified in 507(a)(4); reclass claim to unsecured. |
|  | Address Redacted |  |  | (P) |  |  | (P) |  |
|  |  |  |  | (S) |  |  | (S) |  |
|  |  |  | $ 15,000.00 | (A) |  | $8,960.00 | (A) |  |
|  |  |  | $ 155,969.65 | (T) |  | $149,929.65 | (T) |  |

## **Schedule 3**

**Schedule 3 - Late Filed Claims**

*(U) - Unsecured, (P) - Priority, (S) - Secured, (A) - Administrative, (T) - Total*

| No. | Claimant | Claim Number | Claim Amount | | Asserted Debtor | Basis for Objection |
|---|---|---|---|---|---|---|
| 1 | **Alation, Inc.**<br>3 Lagoon Drive, Suite 300<br>Redwood City, CA 94065 | 828 | $ 284,000.00<br><br><br><br>$ 284,000.00 | (U)<br>(P)<br>(S)<br>(A)<br>(T) | Amyris, Inc. | Expunge as late filed and no liability |
| 2 | **Ann Dean, Litigation Paralegal / Cintas Corporation**<br>6800 Cintas Boulevard<br>Mason, OH 45040 | 840 | $ 82,674.39<br><br><br><br>$ 82,674.39 | (U)<br>(P)<br>(S)<br>(A)<br>(T) | Aprinnova, LLC | Expunge as late filed and no liability |
| 3 | **Big Sky Partnership Limited**<br>Roger Cummings<br>29-31 Brewery Road<br>London, London N7 9QH<br>United Kingdom | 836 | $ 10,682.95<br><br><br><br>$ 10,682.95 | (U)<br>(P)<br>(S)<br>(A)<br>(T) | Amyris, Inc. | Expunge as late filed and no liability |
| 4 | **New York State Department of Taxation and Finance**<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | 830 | $ 45,065.83<br><br><br><br>$ 45,065.83 | (U)<br>(P)<br>(S)<br>(A)<br>(T) | Ando Shell, Inc. (f/k/a Onda Beauty Inc.) | Expunge as late filed, no liability, and subsequently amended |
| 5 | **New York State Department of Taxation and Finance**<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | 842 | $ 88,215.05<br><br><br><br>$ 88,215.05 | (U)<br>(P)<br>(S)<br>(A)<br>(T) | Ando Shell, Inc. (f/k/a Onda Beauty Inc.) | Expunge as late filed and no liability |
| 6 | **New York State Department of Taxation and Finance**<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | 855 | $ 69,020.83<br><br><br><br>$ 69,020.83 | (U)<br>(P)<br>(S)<br>(A)<br>(T) | Amyris, Inc. | Expunge as late filed and no liability |