**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AB TECHNOLOGIES LLC,<br><br>                Reorganized Debtor. | Chapter 11<br><br>Case No. 23-11132 (TMH)<br><br>**Re: Docket No. 1740, 1762 [Case No. 23-11131]; Docket No. 7 [Case No. 23-11132]** |

**REORGANIZED DEBTOR'S REPLY IN SUPPORT OF REORGANIZED DEBTORS' EIGHTH OMNIBUS OBJECTION (SUBSTANTIVE) TO CERTAIN CLAIMS (NO LIABILITY, LATE FILED, AND RECLASSIFY)**

The above-captioned reorganized debtor (the "Reorganized Debtor") hereby files this reply (this "Reply") in support of the *Reorganized Debtors' Eighth Omnibus Objection (Substantive) to Certain Claims (No Liability, Late Filed, and Reclassify)* [Docket No. 1740] (the "Objection")[1] and in response to the opposition filed thereto by Jasmina Samardzic [Docket No. 1762] (the "Samardzic Opposition"), and, in support thereof, respectfully states as follows:

1.    As reflected on the amended Proposed Order (the "Amended Proposed Order") attached as **Exhibit A** to the *Certification of Counsel Regarding Reorganized Debtors' Eighth Omnibus Objection (Substantive) to Certain Claims (No Liability, Late Filed, and Reclassify)* [Case No. 23-11132, Docket No. 7], the Reorganized Debtor resolved the only informal response received to the Objection and, accordingly, respectfully requests entry of the Amended Proposed Order.

2.    With respect to the Samardzic Opposition, the Reorganized Debtor has agreed, consistent with Ms. Samardzic's request that "[her] claim be reviewed comprehensively and

---

[1]    Capitalized terms used but not otherwise defined herein are intended to have the meanings ascribed to them in the Objection.

4907-0944-6152.1 03703.00005

considered as part of these proceedings,"[2] not to seek disallowance of the proof of claim filed by Ms. Samardzic [Claim No. 552] (the "Samardzic Claim"), subject to the Creditor Trust's right to review the Samardzic Claim and, if appropriate, object thereto.[3] However, the Reorganized Debtor maintains its objection to any portion[4] of the Samardzic Claim being accorded priority treatment pursuant to section 507(a)(4) of the Bankruptcy Code. As Ms. Samardzic concedes, Amyris terminated her employment on August 3, 2022,[5] over one year (specifically, 371 days) prior to the Petition Date. Because section 507(a)(4) of the Bankruptcy Code limits any priority thereunder to "wages, salaries, and commissions" that were "earned within 180 days before the date of the filing of the petition,"[6] as a matter of law, no portion of the Samardzic Claim is entitled to priority treatment. Accordingly, the Reorganized Debtor respectfully submits that the Samardzic Claim should be reclassified in full as a general unsecured claim, subject to the Creditor Trust's right to substantively object thereto.

Dated: December 20, 2024        **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*
Steven W. Golden (DE Bar No. 6807)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:      sgolden@pszjlaw.com

*Counsel to the Reorganized Debtor*

---

[2] Samardzic Opposition at p. 2.

[3] For the avoidance of doubt, the Reorganized Debtor does not concede the validity of the Samardzic Claim.

[4] The Reorganized Debtor understands that Ms. Samardzic may assert that the entirety of the Samardzic Claim should be accorded priority treatment under section 507(a)(4) of the Bankruptcy Code, notwithstanding such section of the Bankruptcy Code providing that priority thereunder (if any) is limited to $15,150.

[5] Samardzic Opposition at p. 2.

[6] 11 U.S.C. § 507(a)(4).